**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KEVIN LEE GRADY, #16001-040,    )
    )
                    Petitioner,    )
    )
vs.    )        **Case No. 19-cv-00211-SMY**
    )
UNITED STATES,    )
    )
                    Respondent.    )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Kevin Grady, an inmate who is currently incarcerated at the Federal Correctional Institution located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence, including restitution, in *United States v. Grady*, No. 11-CR-00131 (W.D. Mi. 2012) ("criminal case"). (Doc. 1). Petitioner asserts that his sentence for wire fraud, bank fraud, and making false statements is invalid on several grounds: certain "victims" were not "financial institutions" as defined by law; many enhancements added to his sentence were improper or were supported by insufficient evidence; and, the restitution calculations were incorrect.

This matter is now before the Court for preliminary review of the § 2241 Petition. Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this courts the authority to apply the Rules to other habeas corpus cases.

**<u>Background</u>**

A detailed procedural history of Grady's case can be found in the Order dismissing his previous § 2241 Petition before this Court (Docs. 6, 7), as well as an Order denying reconsideration of that decision (Doc. 9).  *See Grady v. Baird,* No. 16-00285-DRH (S.D. Ill. 2016).  In short, Grady was sentenced to 168 months in prison, four years of supervised release, and ordered to pay $3,086,195.06 in restitution.  He moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in 2014.  *See Grady v. United States,* 14-00038-RJJ (W.D. Mi. Jan. 13, 2014).  His § 2255 Petition was dismissed and the Sixth Circuit Court of Appeals affirmed with no Certificate of Appealability.  *See id.,* Docs. 22, 23.

Shortly after the denial of his § 2255 motion, Grady filed a § 2241 Habeas Corpus Petition with this Court in which he argued that he was innocent of at least some criminal conduct because his alleged conduct occurred with institutions that do not fit the statutory definition of "financial institution."  *See Grady v. Baird,* No. 16-00285-DRH (Doc. 1).  He also argued that he received a two-level sentencing enhancement for conduct involving ten victims, when his conduct only involved nine victims (*Id.*).  Grady cited a then recent Supreme Court decision—*Alleyne v. United States,* 133 S.Ct. 2151 (2015) in support of his arguments.

The Court rejected Grady's Petition on multiple grounds (Doc. 6).  First, the Court concluded that Grady did not qualify for relief under the Savings Clause of §2241 because he could have presented his claims in his earlier § 2255 Motion in the jurisdiction of his conviction.  *See Grady v. Baird*, No. 16-00285-DRH (Doc. 6).  Additionally, the Court noted that Grady's claims did not rely upon a new decision or newly discovered evidence that would excuse his failure to raise the claims earlier (*Id.*).  Secondly, as to any contention that he was actually innocent and relief was therefore warranted in the interests of justice, the Court found that Grady identified no

new basis of statutory interpretation that would give the Court authority to consider his claim (*Id.*).

Accordingly, the Court concluded that Grady was ineligible for relief under § 2241 and that his

Petition must be dismissed (*Id.*).

## **The Petition**

Here, Grady raises similar claims as those in his 2016 § 2241 Petition – that his conviction

is premised upon a misunderstanding of the definition of "financial institution" and that he

received a sentence enhancement for ten victims when his conduct only encompassed nine (Doc.

1; Doc. 3 at 5). He also identifies additional sentencing enhancements that he disagrees with.

Specifically, Grady makes the following claims: the loss calculation was unfair because he did not

get a chance to contest it and the evidence at trial was insufficient to sustain the loss calculations

(Doc. 3 at 1-4); he should not have received an enhancement for sophisticated means because his

criminal conduct did not involve multiple states (*Id.* at 6); he received a four point enhancement

for conduct involving organizing five or more people even though the indictment only identified

one other person (*Id.* at 6); and, he should not have received an enhancement for abuse of power,

because his conduct was not akin to other types of abuse of power, such as a doctor-patient

relationship (*Id.* at 6).

Grady couches the enhancement issues as an "auxiliary motion" to his § 2241 Petition,

brought under 18 U.S.C. § 3663(A)(d) (Doc. 3). He also appended a "Motion under 18 U.S.C. §

1344(1) Bank Fraud Illegal Sentence Actual Innocent," wherein he argues that his conduct with

relation to Key Bank Marketing, Inc. was improperly characterized as bank fraud despite that entity

not being a "financial institution" for statutory purposes (Doc. 2). Although Documents 2 and 3

are labeled as "motions" and cite statutes, they appear to be exhibits submitted in support of the

primary Petition. Grady does not state what it is about the statutes he relies upon that entitles him

to relief. This issue will be discussed further in the context of the statutes below.

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a Section 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Here, the claims in Grady's § 2241 Petition cannot be brought for multiple reasons. Grady has not presented the Court with any new statutory interpretation issued by the Seventh Circuit or the Supreme Court that allows him to invoke § 2255(e)'s savings clause. Nor has he cited a new case or any new evidence in this Petition. Additionally, two of Grady's claims – that the definition of "financial institution" was misinterpreted, and that he received an improper 2 level enhancement for ten victims instead of nine – were already considered and dismissed by this Court in his 2016 Petition. *See Grady v. Baird,* Case No. 16-CV-00285 (S.D. Ill.). Thus, the claims are either barred by res judicata or the law of the case doctrine.[1] To the extent Grady seeks relitigation of issues already decided by this Court with no new evidence or law, he cannot proceed.[2]

---

[1] The Seventh Circuit has endorsed the use of both doctrines to bar relitigation of claims already presented to a habeas court. *See e.g. United States v. Wilson,* 344 Fed. App'x 259 (7th Cir. 2009) (applying the law of the case doctrine to a habeas petition); *United States v. Sumner,* 325 F.3d 884 (7th Cir. 2003) ("We have repeatedly stated that changes in litigation position on successive appeals are barred except when justified by intervening authority, new and previously undiscoverable evidence, or other changed circumstances."); *White v. United States,* 371 F.3d 900, 902-903 (7th Cir. 2003) (discussing the overlap between res judicata and the law of the case doctrine and concluding that both preclude re-review of habeas corpus claims previously presented with no showing of new evidence, new authority, or a manifest error by the prior court).

[2] Grady also cannot claim manifest error by this Court regarding his 2016 petition because he received reconsideration of the petition at his request by this Court, as well as review by the Seventh Circuit. The Seventh Circuit affirmed this Court's dismissal of his petition. *See Grady Sr. v. Baird,* Case No. 16-2163 (7th Cir. 2016).

The new claims Grady presents regarding sentencing enhancements and restitution calculations are procedurally barred because provides no explanation as to why he could not raise the claims earlier or what has changed to make the claims viable when they previously would have failed. *See*, *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim must be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice", or that he is "actually innocent."). Identifying a litany of enhancements he objects to is something Grady needed to do before the trial court, on direct appeal, and in any previous 2255 or 2241 petition. His failure to do so leaves this Court with no authority to review fresh claims.

Finally, Document 2 is characterized as a motion pursuant to 18 U.S.C. § 1344(1). Section 1344(1) is the generic definition of bank fraud. Document 3 is characterized as a motion pursuant to 18 U.S.C. §3663A(d) – a statute concerning mandatory restitution payments to victims of certain crimes. Subpart (d) provides, "[a]n order of restitution under this section shall be issued and enforced in accordance with Section 3664." Section 3664 has been in force since 2002 and sets forth the procedures for establishing and collecting restitution. Neither statute is new and there has been no recent new interpretation of their terms Grady does not explain why "motions" under these statutes entitle him to new habeas relief. He therefore cannot demonstrate a miscarriage of justice so as to permit a § 2241 Petition. The savings clause affords Grady no relief, and his § 2241 Petition will be dismissed.

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court

within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: June 10, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**